(54 Misc. 635)

### P. H. & F. M. ROOTS CO. v. NEW YORK FOUNDRY CO.

(Supreme Court, Appellate Term.   June 6, 1907.)

1. COURTS—PREVIOUS ADJUDICATION—PLEADING—AMENDMENT—LAW OF CASE.

Where an order of the Special Term, made before trial, denying leave to amend an answer, was in full force at the time of trial, it was binding upon the trial court.

2. PLEADING—AMENDMENT TO CONFORM TO EVIDENCE.

In an action on a note, the defense was that the note was given for a machine which failed to comply with the warranty; but there was no counterclaim or allegation of rescission. A verbal warranty was shown, and the testimony showed that defendant had disaffirmed the contract for failure of the warranty or misrepresentations, and had given notice of rescission, and had requested plaintiff to take back the machine, though defendant allowed it to remain upon a promise to substitute another. *Held*, that it was error to refuse defendant leave to amend to conform to the evidence, notwithstanding an order of the Special Term, made before trial, denying a motion for leave to amend.

3. SALES—ACTION FOR PRICE—QUESTION FOR JURY.

In an action on a note for the price of goods sold, where the uncontradicted evidence showed a rescission by defendant for breach of warranty, it was error to direct a verdict for plaintiff.

Appeal from City Court of New York, Special Term.

Action by the P. H. & F. M. Roots Company against the New York Foundry Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See 101 N. Y. Supp. 104.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

John L. Walsh, for appellant.

Burke & Fay (Daniel Burke, of counsel), for respondent.

GILDERSLEEVE, P. J.   The complaint sets forth a cause of action on a promissory note for $1,100.   The defense, set up in the answer, is that the note was given for a "No. 7 Roots positive blower," which, as alleged in the answer, was represented and warranted by plaintiff's agent to be one that "could be run by and through the power of a No. 38 horse power Delavergne oil engine, which was the kind and character of an engine employed and used by defendant in its foundry," upon which warranty and representations of plaintiff defendant bought the blower, which proved to be "not of the kind and character represented and warranted by plaintiff, its agents and representatives."   There is no counterclaim or allegation of damage by reason of such misrepresentations and breach of warranty, nor is there any allegation of a rescission of the contract in said answer. Upon a former appeal in this action the Appellate Term reversed a judgment in favor of defendant, and held that, as it was clear from the pleadings that defendant relied upon the breach of an express warranty solely as a defense to the cause of action set up in the complaint, it was incumbent on the defendant to prove a rescission of the contract by showing that it had returned or offered to return the blower purchased by it, and as the defendant's president had been al-

104 N.Y.S.—50

lowed to testify, without objection, to a sort of an offer to return said blower, although the defendant did not plead a rescission, and it was shown that the blower was in defendant's possession and in use by it at the time of the trial, it was error for the court to refuse to charge that "under the pleadings the defendant must prove an offer to return the blower, or show reasons for not doing so." Upon the second trial the court directed a verdict for plaintiff. Defendant appeals.

The evidence of defendant, which is uncontradicted, shows that the warranty consisted of a verbal assurance by plaintiff's representative that "a 20 horse power engine will run our [plaintiff's] blower." This assurance was given in reply to the statement of defendant's president to plaintiff's said representative that defendant's engine developed only a 38 horse power, and that defendant required a blower that could be run by that engine. There is also no contradiction to defendant's testimony as to the failure of the blower to meet the representations of plaintiff, and that it could not be run by an engine of 38 horse power. No evidence, however, is offered tending to show any damage by reason of this condition of the blower. The blower, as we have seen, was never returned, and still remains in defendant's foundry, where it is run, "sometimes three days a week, sometimes two days a week," as admitted by defendant's president. Upon the trial defendant moved to amend the answer by alleging a rescission, which motion was denied. However, defendant's said president was allowed, without objection, to testify that, after a representative of plaintiff had tried unsuccessfully to make the blower work properly, he (defendant's president) had the following conversation with one Papworth, who was the agent of plaintiff in the sale of the blower, viz.:

"I said: 'Mr. Papworth, this engine will not run this blower.' He said: 'Hanrehan, I am going to make it good here. If that engine does not run that blower, I will get you an engine that will run it.' I said: 'Mr. Papworth, it is no use. It is not of any use to me any more. It is only junk, and take it out of the place.' He said: 'You leave it here, and I will get you a No. 5 blower, or a No. 6, and this engine will run it.'"

At the end of the case plaintiff's counsel said:

"The defense sets up an alleged breach of warranty, with no damages, and no attempt has been made to prove damages. Consequently that element is out of the case. The defendant does not attempt to allege rescission, and there is no proof of a rescission of the contract or of a return of the blower; but, on the contrary, the evidence shows that the defendant has the blower, and that he is using it to-day, and I therefore ask your honor to direct a verdict for the plaintiff."

The defendant's counsel then said:

"I move to make the pleadings conform to the proof that has been adduced."

This motion of defendant was denied, and, as we have seen, the court granted the motion of plaintiff for the direction of a verdict. It appears from the statement of facts contained in the record that subsequent to the reversal of the judgment obtained by defendant on the first trial, and previous to the new trial, defendant made a motion to amend the answer by alleging rescission at the Special Term of the City Court, and that the motion was denied. An appeal was taken

by the defendant from the order denying said motion, which appeal was still pending when the second trial took place; but since that time the said appeal has been dismissed by this court.

The order of the Special Term of the City Court, denying the motion to amend the answer, being in full force at the time of the second trial, was binding upon the trial court; and it was, therefore, proper for the latter court to deny the motion to amend by alleging a rescission. However, inasmuch as evidence was admitted, without objection and without contradiction, which tended to show that in point of fact defendant had disaffirmed the contract, on account of the failure of plaintiff's warranty or the misrepresentations of its agents, and had given plaintiff notice of such rescission, and had requested plaintiff to take back the blower, although defendant allowed the blower to remain upon plaintiff's request and promise to substitute another, it seems to us that it was error to direct a verdict for plaintiff. In order to warrant the direction of a verdict in favor of plaintiff, the plaintiff should have objected to the evidence as to rescission, and the court should have struck it out on plaintiff's motion, on the ground that such defense was not pleaded. But, as that evidence remains in the case, having been received without objection, the court could not find that defendant had shown no defense to the plaintiff's claim.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.